IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SPENCER T. MYERS,**

      **Petitioner,**

v.                                   **CIVIL ACTION NO. 2:13cv81**
                                               **(Judge Bailey)**

**TERRY O'BRIEN, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 2, 2013, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On December 20, 2013, he paid the $5.00 filing fee. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Southern District of West Virginia. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On June 22, 2000, a jury for the Southern District of West Virginia found the petitioner guilty of all counts of an indictment in which he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e)(1), distribution of cocaine base, in violation of 21 U.S.C. § 841(a), possession and use of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A), knowing possession of a firearm with an obliterated serial

---

[1] The recitation of the factual history of the petitioner's conviction and sentence is taken from the Findings and Recommendations of Magistrate Judge Maurice Taylor entered on March 21, 2005, available on Pacer. See 3:00-cr-00062-1 (Entry Number 89).

1

number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1), and corruptly persuading another to hinder an investigation, in violation of 18 U.S.C. § 1512(b)(3). On September 11, 2000, he was sentenced to life imprisonment and to a consecutive term of 300 months. His conviction was affirmed on appeal and a petition for writ of certiorari was denied by the Supreme Court on October 7, 2002.

On October 1, 2003, the petitioner filed a motion under the provisions of 28 U.S.C. § 2255, seeking to have his conviction and sentence set aside. In his motion, the petitioner contended that counsel representing him at trial and on appeal provided ineffective assistance of counsel. The petitioner's § 2255 Motion was denied on August 11, 2005. The petitioner's appeal to the Fourth Circuit was dismissed on April 4, 2006 for failure to prosecute.

On September 13, 2013, the petitioner filed a Motion with the Fourth Circuit seeking authorization to file a successive § 2255 application. The petitioner cited the United States Supreme Court decision in Alleyne v. United States[2], as support for his motion. More specifically, the petitioner alleged that his sentencing judge, not the jury, determined his sentence of life. On September 23, 2013, the Fourth Circuit denied the petitioner's Motion for authorization to file a successive habeas application.[3]

It appears that the petitioner filed a petition for Writ of Error Audita Querela on July 8, 2013, in the United States District Court for the Southern District of West Virginia. In it, the petitioner argues that he was erroneously designated as an armed career criminal when the sentencing court erroneously misstated and misquoted the criteria needed to impose a sentence under the Armed

---

[2]13 S.Ct. 2151 (2013).

[3]Court of Appeals Docket # 13-1377 available on PACER.

2

Career Criminal Act. It appears that said petition is still pending.[4]

## III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

---

[4]See 3:13cv17705 (WVSD) available on PACER.

> cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, the petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on Alleyne, he argues that he was improperly sentenced under the Armed Career Criminal Act, because the sentencing judge relied on findings in the PSR regarding his prior convictions, rather than relying on the jury verdict which did not reflect the necessary elements to sentence him above the minimum mandatory sentences.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner does not assert that the conduct for which he was actually convicted is no longer criminal. See In re Jones, 226 F.3d at 334.

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner's Alleyne argument fails to state cognizable

4

§ 2241 claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

Furthermore, the petitioner's attempt to invoke the holding in Alleyne is misplaced. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530

U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

The substance of the petitioner's argument is that he was sentenced to life based on the sentencing court's determination that he had prior convictions. Accordingly, the petitioner argues that his sentence must be vacated as unconstitutional and remanded back to the District Court for sentencing consistent with the Alleyne decision. However, a number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, in Apprendi, the Supreme Court specifically noted in its findings that "any fact (other than prior conviction) which increases the maximum penalty for a crime must be ... submitted to a jury." That the existence of prior convictions need not be submitted to a jury was further explained in Almendarez-Torres v. United States, 523 U.S. 224 (1998), in which the Court affirmatively determined that the fact of a prior conviction may be determined by a sentencing judge. The Court in Alleyne specifically declined to reconsider or overrule Almendarez v. Torres. 133 S.Ct. At 2160 n.1. Therefore, Almendarez-Torres remains good law, and Alleyne is not applicable to the petitioner's argument in this matter.

6

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: April 16, 2014.

                                                                          /s/ James E. Seibert
                                                                          JAMES E. SEIBERT
                                                                          UNITED STATES MAGISTRATE JUDGE