**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**


**SPENCER T. MYERS,**

   Petitioner,

v.

             **CIVIL ACTION NO. 2:13-CV-81
             (BAILEY)**

**TERRY O'BRIEN, Warden,**

   Respondent.


**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 12]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on April 16, 2014, wherein he recommends this Court dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). This Court extended that deadline by Order dated May 7, 2014 [Doc. 15]. Petitioner timely filed his Objections [Doc. 17] on May 27, 2014. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Background

On June 22, 2000, a jury found the petitioner guilty of all counts of the Indictment. He was subsequently sentenced to life imprisonment and to a consecutive term of 300 months. The conviction was affirmed on appeal, and *certiorari* was denied. In 2005, the petitioner's § 2255 was denied, and its appeal was dismissed for failure to prosecute. In 2013, the petitioner's request seeking authorization to file a successive § 2255 was denied by the Fourth Circuit. The petitioner's motion was based on the Supreme Court's decision in *Alleyne v. United States*, 13 S.Ct. 2151 (2013). Specifically, the petitioner argued that the sentencing judge, not the jury, determined his life sentence. Petitioner has now filed the instant § 2241 petition relying again on *Alleyne*.

## Discussion

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a

federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime. *See **In re Jones***, 226 F.3d 328, 333-34 (4th Cir. 2000).

In this case, the petitioner argues he was improperly sentenced under the Armed Career Criminal Act because the sentencing judge relied on findings in the Presentence Investigation Report regarding his prior convictions rather than relying on the jury verdict which did not reflect the necessary elements to sentence him above the mandatory minimum sentences.

The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. ***Darden v. Stephens***, 426 Fed.Appx. 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Again, the petitioner has not asserted that the conduct for which he was convicted is no longer criminal. Therefore, the savings clause does not apply.

In his Objections [Doc. 17], the petitioner argues that pursuant to the ***Alleyne*** decision, a jury was required to determine his sentencing enhancements, including his armed career criminal status. While the defendant believes that ***Alleyne*** requires that all sentencing enhancements must be submitted to the jury, in fact, ***Alleyne*** held that any fact that increases a mandatory minimum sentence for a crime is an element of the crime and must be submitted to the jury and proven beyond a reasonable doubt. This does not include determinations of the fact of prior convictions. As explained by the Sixth Circuit in

3

*United States v. Keglar*, 535 Fed.Appx. 494 (6th Cir. 2013), although "the Supreme Court held that any fact that increases the mandatory minimum is an element that must be submitted to the jury, . . . the Supreme Court specifically declined to disturb the narrow exception for the fact of a prior conviction established by *Almendarez-Torres [v. United States*, 523 U.S. 224 ('a judge is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction.'])." *See also* *Love v. United States*, — Fed.Appx. —, 2014 WL 128173 n. 1 (6th Cir. Jan. 15, 2014)("This claim fails because *Alleyne* . . . did not change the longstanding rule that a judge may, without submitting the issue to a jury, increase a defendant's sentence based on a prior conviction because the fact of a prior conviction is excepted from the jury requirement."). For the same reason, the petitioner's claim must fail.

Finally, *Alleyne* does not apply to petitioner's case because it is not retroactive to cases on collateral review. *See, e.g.*, *United States v. Stewart*, 540 Fed.Appx. 171 (4th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013). Accordingly, the petitioner's Objections [Doc. 17] are **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 12]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 17]** are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This

Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Myers has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 2, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE